10-931-cv
Scott v. New York City Department of Correction

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand eleven.

PRESENT:
> JOHN M. WALKER, Jr.,
> JOSEPH M. McLAUGHLIN,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

Collette J. Scott,

> *Plaintiff-Appellant*,

v.                                              10-931-cv

New York City Department of Correction,
Correction Officer's Benevolent Association of the
City of New York Inc., Norman Seabrook, individually
and in his official capacity,

> *Defendants-Appellees*.

_____

FOR APPELLANT:          Collette J. Scott, *pro se*, Magnolia, DE.


FOR APPELLEES:          Elizabeth S. Natrella, Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, *for Defendant-Appellee New York Department of Correction*

Alan Serrins, Serrins & Associates, LLC, New York, NY, *for Defendants-Appellees Correction Benevolent Association of the City of New York and Norman Seabrook*

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Collette J. Scott, proceeding *pro se*, appeals from the district court's judgment denying her motion for leave to amend the complaint and reopen discovery, partially granting summary judgment in favor of the defendants, conditionally granting a motion *in limine* filed by certain defendants, and dismissing her remaining claims pursuant to a jury verdict. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.    Denial of Motion for Leave to Amend and Reopen Discovery**

We review a district court's decision denying leave to amend a complaint under a Fed. R. Civ. P. 16 scheduling order for abuse of discretion. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000). Similarly, we review discovery rulings for abuse of discretion, including the denial of a motion to reopen discovery. *See Petrosino v. Bell Atl.*, 385 F.3d 210, 232 (2d Cir. 2004); *see also In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998) ("[A] trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion.") (internal quotation marks omitted).

Here, the magistrate judge did not abuse his discretion in concluding that the apparent negligence of Scott's former attorney was not sufficient to establish "good cause" for amending the scheduling order under Fed. R. Civ. P. 16(b). *See Parker*, 204 F.3d at 339-40 (adopting the holding of other Circuits that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (suggesting that a party who voluntarily chooses her attorney generally "cannot . . . avoid the consequences of the acts or omissions of this freely selected agent"). Additionally, the magistrate judge did not abuse his discretion in concluding that the defendants would have been prejudiced by the untimely filing of an amended complaint, as they had already deposed Scott, otherwise completed discovery, and moved for summary judgment, and Scott's original complaint could not fairly be read to assert a claim for gender discrimination based on unequal terms and conditions of employment. Accordingly, we affirm the denial of Scott's motion for leave to amend and to reopen discovery.

## II.     Partial Grant of Summary Judgment

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of N.Y.*, 316 F.3d 93, 100 (2d Cir. 2002).

3

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's summary judgment decision for substantially the same reasons stated by the magistrate judge in his thorough and well-reasoned report. On appeal, Scott has not presented a specific and discernable challenge to the district court's summary judgment decision.

**III.    Motion *In Limine* and Jury Verdict**

We review evidentiary rulings for abuse of discretion, and "will reverse only if an erroneous ruling affected a party's substantial rights." *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005). Scott has offered no basis for concluding that the district court abused its discretion in conditionally granting the motion *in limine* filed by Norman Seabrook and the Correction Officers' Benevolent Association of the City of New York, Inc (the "COBA"). The district court did not abuse its discretion in concluding that the evidence at issue—the allegations of two other individuals that Seabrook had sexually harassed them—was inadmissible on the ground that it was offered to "prove the character of a person in order to show action in conformity therewith." *See* Fed. R. Evid. 404(b). Furthermore, there is no indication that Scott was prejudiced by the court's failure to make a definitive ruling on the motion prior to trial.

Finally, Scott has not articulated a specific challenge to the jury verdict in favor of Seabrook and the COBA. To the extent that she is challenging the sufficiency of the evidence, such a challenge is unpreserved, as she did not move for judgment as a matter of law following trial. *See Borger v. Yamaha Int'l Corp.*, 625 F.2d 390, 395 (2d Cir. 1980) (noting that, in the absence of a motion for judgment as a matter of law, this Court is "without power to direct the District Court to enter judgment contrary to the one it had permitted to stand" (internal quotation marks omitted)). In any event, there was sufficient evidence to support the jury's verdict.

4

We have considered Scott's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk